# John G. Deshler, plaintiff in error *vs.* Suel Foster, defendant in error.

## *Error to Muscatine.*

Where the transcript of the justice of the peace shows an appearance by attorney on a motion to quash the attachment, it will be regarded as an appearance in general, and the defendant will be estopped from a motion to dismiss the cause when taken to the District Court on an appeal, for the want of personal service.

This was a suit by an attachment brought by the defendant against the plaintiff in error, before a justice of the peace. On the return an attorney appeared for the defendant, and moved to quash the attachment for reasons filed, which was overruled. The defendants attorney then moved that the plaintiff amend his affidavit so as to insert the circumstances upon which he predicated his belief that the defendant had absented as required by law, and on the plaintiff refusing to amend, the attorney abandoned the case.

A jury was called who returned a verdict for the defendant, and judgment was rendered against the plaintiff for costs.

The plaintiff appealed to the District Court, where a motion was made to dismiss the appeal, because there was no service on the defendant personally or by notice, which was overruled by the court; to which the defendant excepted.

To reverse this judgment, the defendant sued out a writ of error from this court.

Lowe, for plaintiff in error.

Woodward, for defendant in error.

Per Curiam, Mason, Chief Justice.—The only error assigned in this case is, that the court below erred in overruling the motion made by the defendant to dismiss the suit, because there was no service made on the defendant below personally, or by notice. We think there was such an appearance below as to cure this defect. The transcript of the justice shows that the defendant appeared by his attorney. There is nothing to show that such appearance was for a special purpose, and although the acts of that attorney were limited to matters connected with the process of attachment, and although he left the justice's court when he had failed to accomplish certain purposes of a preliminary character, the record shows no sufficent reason to induce us to doubt that his appearance was in the first instance general.

Judgment affirmed.